### In the Matter of Kenneth V. LARSEN, Deceased.

No. 61965.

Supreme Court of Missouri, Division No. 2.

April 6, 1981.

John Ashcroft, Atty. Gen., Michael Scearce, Asst. Atty. Gen., Jefferson City, for appellant.

W. H. Copeland, Clayton, for respondent.

ALDEN A. STOCKARD, Commissioner.

Kenneth V. Larsen, deceased, died testate on July 30, 1978. The appraiser for state inheritance tax excluded from the appraisal of his estate the proceeds of two annuity contracts with Mutual of New York because he considered the proceeds to be exempt pursuant to § 145.020.3(2) RSMo 1978 (repealed effective January 1, 1981). Exceptions by the Department of Revenue to the appraiser's report were overruled by the judge of the Probate Division of the Circuit Court, St. Louis County, and the Director of Revenue has appealed. See § 472.210 RSMo 1978. The issue on appeal involves the construction of the revenue laws of this State. Therefore exclusive appellate jurisdiction is in this Court. Art. V, § 3, Constitution of Mo.

The record before this Court is most incomplete. The terms of the annuity contracts are not included in the file. Therefore, we do not know the precise provisions pertaining to the payment of the proceeds. The parties agree, however, that each annuity contract qualifies as a "Keogh Plan" pursuant to Title 26, § 401, U.S.C.

The appraiser stated in his report, and there is no disagreement by either party, that the "proceeds taken in lump sum, [are to be] paid on decedent's [Larsen's] death to Cynthia P. Dickinson, Elizabeth M. Pillsbury, Linda P. Roos, and Evelyn P. Shepard." While it is not specifically so stated in the record before this Court, it is obvious that these four persons were employees of Kenneth V. Larsen. The report of the appraiser, in listing the assets of the estate, does not include any proceeds from either of these two plans. It is obvious therefore that the estate of Kenneth V. Larsen did not participate in the distribution of the proceeds.

Chapter 145 RSMo 1978, entitled "Inheritance Tax" (repealed effective January 1, 1981) provided in § 145.020 that a tax was imposed upon the transfer of property in the cases therein provided, but it was further provided in Paragraph 3 of said section as follows:

"3. Nothing herein contained shall be construed as imposing a tax upon:

(1) * * *

(2) Any transfer on a trust or on any distributee thereof, created as a part of a stock bonus plan, pension plan, disability or death benefit plan or profit-sharing plan, for the exclusive benefit of employees, to which contributions are made by an employer or employees, or both, for the purpose of distributing in accordance with such plan, the earnings or principal, or both, of the trust fund; * * *."

The basic contention of the Director of Revenue is that a Keogh Plan established by a self-employed person is not exempt from taxation by reason of § 145.020.3(2) because contributions are made to the plan for the benefit of the employer as well as his employees, and therefore the plan is not for the "exclusive benefit of employees." Then somewhat inconsistently the Director of Revenue points out that the "policies under consideration * * * are used by self-employed individuals," and that "[i]n effect, an owner participates in retirement and death benefit plans in which contributions made by him *as an employer* ultimately benefit him *as an employee.*" (Emphasis added.) This is the basic contention of respondent; that the self-employed person who receives benefits of a Keogh Plan does so as an employee and not as an employer.

Because of the manner in which this case has been presented, and in view of what we understand to be the facts as stipulated and agreed to, we do not reach the issue of whether a self-employed person who adopts a Keogh Plan for his employees and in which he participates can be considered to be an employee within the meaning of § 145.020.3(2).

As previously noted, the terms of the two annuity contracts are not before this Court, but it is evident from the meager record before us and from the facts submitted and agreed to by the parties that pursuant to the terms of each contract the proceeds are to be distributed to four named employees, and that none of the proceeds will go to the estate of Kenneth V. Larsen. Therefore, the total amount distributed in accordance with the plan was "for the exclusive benefit of employees," and clearly within the exemption provided for in § 145.020.3(2). It may be that if Kenneth V. Larsen had not died, he would have received some benefit, but that did not happen. The determinative facts are that at his death a distribution was to be made of the trust funds to his employees, and it is that transfer which is exempted from the inheritance tax by § 145.020.3(2).

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.